March 20, 1911.

————o————

5160.

(Court of Appeal, Parish of Orleans).

## R. B. SCUDDER vs. LEHMAN STERN & CO., LTD.

Statements of items *in globo,* without details, when details are specifically called for, are not sufficient to prove damages with the degree of certainty required by law.

Appeal from the Civil District Court, Division "C."

McCloskey & Benedict, for plaintiff and appellee.

W. J. Waguespack, for defendant and appellant.

DUFOUR, J.—The plaintiff alleges that he purchased from defendant on January 29, 1906, certain sugars known to the trade as "Sport Granulated" and caused them to be shipped to Edgard & Son at Detroit, Mich., to whom he had sold them.

When the consignment reached its destination, plaintiff was notified by his purchaser that 500 barrels of it were unmerchantable, being caked, hard and full of caramel, and that, in order to minimize the loss, the sugar, instead of being sold in open market, would be re-milled and resifted.

This was done, and reclamation made on Scudder for the cost, $420.26, and also for $48.37 difference found in tare upon re-weights of the empty barrels.

He now seeks to recover this amount from the defendant.

In answering to certain objections made in limine by defendant, we may say that the suit was properly brought by the plaintiff against the defendant.

Although Scudder was paid ten cents a barrel as a commission or a profit by Edgard & Son, he personally purchased and paid for the goods and did not act as an agent. Neither was defendant dealt with as agent, but as a merchant having the sugar for sale, and the only privity of contract in the transaction is between Scudder and Lehman, Stern & Co.

It is quite true that Scudder has not yet paid Edgard's reclamation but he has judicially admitted his liability to them for their demand; this action of both parties will afford full protection to the defendant whose only concern in the premises is to be protected against double payment.

The answer is in the nature of a detailed denial of all

the allegations, except as to the fact of a sale; it also states that the claim is exorbitant, not sustained by proof, and that the enhanced value of the sugar resulting from being re-milled and resifted more than compensated for the loss.

Four or five witnesses testify that, when the sugar reached Detroit, it was so hard that crowbars and other mechanical appliances was required to break it up. It is also shown that sound sugar packed dry will not harden under any climatic conditions in the short time required by the transit.

Unless we assume that these witnesses, not all interested, testified falsely, their testimony must prevail over that of the plantation packers who say that the sugar "was all right when packed," but who admit that moist sugar will become hard in barrels and that the lot in controversy had remained in the warehouse and sugar house about twenty days.

It is also shown that other sugars shipped from the "Sport" plantation at about the same time to parties in Cincinnati became hard in the barrels.

The proof as to the discrepancy in tare is not sufficient to warrant a judgment. The parties who did the weighing are not produced. The witnesses say that, with the exception of a few barrels, weighed by one of the firm or under his supervision, the weighing was done by the employees and the result was reported by them. They cannot swear positively that the number of pounds of sugar bought was not received or that the difference in weight was not due to moisture absorbed and dirt picked up by the barrels.

This absolute insufficiency of proof is not cured by the fact that, though notified that the barrels would be reweighed, the defendants did not send a representative there to supervise. They were not bound to send one and

their failure to do so does not relieve the plaintiff of his obligation to prove his claim.

The proof as to the cost of re-milling and re-sifting is equally meagre.

Edgard's Co., were specifically asked, in defendant's cross-interrogatories, how many days and how many hours each day were required to do all the work, how many laborers were employed and how much they were paid, and a demand was made on them to annex a sworn copy of their books showing the firm's disbursements in the matter.

One of the witnesses said he was unable to give the details, another said that four or five laborers were employed, but he could not state the number of days or furnish the records in the matter. He added:

"The charge of 1/4 cent per pound is assessed as the result of much experience along these lines; should an itemized bill have been called for at that time it would have been given; it is now too late to dig up labor and time records."

The third witness said:

"No permanent record of actual time or number of laborers was kept, to my knowledge. Our experience demonstrates that the operations cost us 1/4 cent per pound and this was made the basis of our claim."

The nature and extent of the experience referred to are not explained.

Why defendant should have called for any information before it was sued is not apparent. If Scudder did not clearly establish his claim he has himself alone to blame. He, and not Edgard and Co., is the plaintiff, and self protection should have dictated to him the advisability of seeing that the evidence necessary to prove his claim should be preserved.

According to his own testimony, he was satisfied to ac-

cept any statements made by Edgard & Co., and asked for no details of loss.

This mark of confidence may be creditable and satisfactory to him, but it cannot avail him in fastening liability on defendant, in the absence of the evidence specifically demanded and to which defendant was entitled.

**37 An. 492.**

There is offered by defendant detailed evidence that, on a plantation, the cost of granulating and packing 500 barrels of sugar is about $32.50; it also appears that in 1908, Lehman, Stern & Co., paid 1/8 of a cent per pound (including profit) to re-mill 100 barrels of Sport sugar which had hardened.

We do not, however, consider this evidence sufficient to establish a fair price for the cost of the work in 1906 under the circumstances of this case.

Having reached the conclusion that the proof is not sufficient to sustain the claim, we shall not discuss the point raised, that the enhancement of the value of the sugar resulting from the re-milling and re-sifting more than compensated for the cost of the operation.

Judgment reversed and plaintiff's demand is rejected as in case of non-suit at his cost in both courts.

St. Paul, J., recused.